# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CR 415-208 |
| | ) |
| DANIEL OLEN NIEVES | ) |
| Defendant | ) |

## PLEA AGREEMENT

Frederick Kramer, Assistant United States Attorney, and Julianne Grow Glisson, attorney for the defendant, pursuant to the provisions of Rule 11, Federal Rules of Criminal Procedure, as amended, have, with the authorization of the undersigned defendant, heretofore entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment styled above, and a Plea Agreement has been reached by said parties in the following respects:

1. Upon the defendant's entry of a plea of guilty to the offense charged in Count Two of the Indictment, the defendant's full compliance with all promises made hereinafter as a part of this agreement, and the defendant's adherence to all representations and understandings recited hereinafter, the attorney for the government will do the following:

a. Dismiss Counts One and Three;

b. Not object to a recommendation from the probation officer that the defendant receive a reduction for acceptance of responsibility under the provisions of Chapter Three, Part E of the Sentencing Guidelines and move for the third offense level point reduction based upon the timeliness of his plea, all provided the defendant truthfully admits the conduct comprising the

offense of conviction, has fully complied with the terms of pretrial release, if applicable, and has not engaged in any criminal conduct subsequent to arrest or initial appearance in this matter;

 c. Advise the Court at sentencing of the extent and value of any information, cooperation, or assistance in the investigation and prosecution of others provided by the defendant.

If the defendant's cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. §3553(e) and U.S.S.G. §5K1.1 and under the policies of the United States Attorney's Office for the Southern District of Georgia warrants the filing of a motion for downward departure from the applicable sentencing guideline range. If the defendant's cooperation is completed or likely to be completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" pursuant to 18 U.S.C. §3553(e) and Rule 35, Fed.R.Crim.P. and under the policies of the United States Attorney's Office for the Southern District of Georgia warrants the filing of a motion for reduction of sentence.

In either case, the defendant understands that the determination as to whether the defendant has provided "substantial assistance" rests solely with the government. If the government files a motion for downward departure pursuant to this agreement, the government reserves the right to either take no position as to the appropriate amount of departure and defer entirely to the Court, or, in its discretion, to make any recommendation it deems appropriate respecting the degree of departure.

**The defendant fully understands that whether or not the sentencing court decides to depart downward below a guideline range, or reduce the defendant's sentence, as well as the extent of any such downward departure or reduction, is completely within the sentencing Court's discretion, and that the Court is not bound to accept any recommendation by the**

government.

## 2. DEFENDANT'S REPRESENTATIONS TO THE COURT AND FURTHER OBLIGATIONS UNDER THIS AGREEMENT

### A. FACTUAL BASIS

The defendant understands that Count Two of the Indictment charges that the defendant did commit an offense against the United States, that is to say, that on or about April 13, 2014, and prior thereto, in the Southern District of Georgia, the defendant did knowingly and willfully possess one or more images of child pornography which involved prepubescent minors or minors who had not attained the age of 12 years, and which images had been transported using a means of interstate or foreign commerce, in violation of Title 18, United States Code, § 2252A(a)(5)(B), and that the defendant's guilty plea constitutes proof as to that Count.

The defendant understands and agrees that nothing in this agreement shall abrogate the duty and right of the government to bring all sentencing facts to the attention of the sentencing court, and the defendant further agrees that the government shall not be bound to make any recommendation under this agreement if to do so would directly contradict facts relevant to the offense conduct or the defendant's prior conduct or criminal history, which first come to the attention of the government, or are confirmed as true, only after the signing of this agreement.

The defendant understands that the Court is not a party to this agreement, that the government can only make recommendations which are not binding on the Court, and that after the entry of the defendant's guilty plea, the defendant has no absolute right to withdraw the plea. **Thus, the Court is free to impose any sentence authorized by law up to the statutory maximum sentence of imprisonment for not more than 20 years; a fine of not more than $250,000; a Supervised Release term of from 5 years to life; restitution in an amount to be determined**

by the Court; the requirement to register as a sex offender in his state of residence; a special assessment of $100; and a second special assessment of $5000 (unless the defendant is found to be indigent)..

The defendant further advises the Court that the defendant understands that the U. S. Probation Office will prepare a presentence investigation report for the Court, and that the U. S. Probation Office will consider all of defendant's conduct related to the offense to which he is pleading, which may include conduct related to Counts of the Indictment which were or are to be dismissed or for which the defendant was acquitted, as well as the defendant's criminal history, and that these facts will be considered by the Court in determining the defendant's sentence. The defendant understands that the offense level and criminal history category determined by the United States Probation Office and the Court may differ from that estimated or projected by defendant's counsel or the United States Attorney.

**The defendant advises the Court that the defendant understands that if the relevant conduct, guideline sentencing range, or sentence imposed by the Court is more or greater than the defendant expected or, in the case of relevant conduct, is found to be more extensive than the defendant has admitted to, the defendant will still have no absolute right to withdraw the guilty plea.**

B. FINES, ASSESSMENTS, AND FORFEITURES

The defendant understands that the $100 assessments imposed pursuant to 18 U.S.C § 3013 by the Court at sentencing must be paid on the date of sentencing. The $5000 assessment pursuant to 18 U.S.C § 3014, if imposed, is payable after all other imposed financial obligations have been discharged.

The defendant understands that if a fine or restitution is imposed by the Court at

sentencing, or if the United States is pursuing the forfeiture of any property in which the defendant has an interest, whether by administrative, civil, or judicial proceeding, the defendant shall meet with a member of the Debt Collection Unit of the United States Attorney's Office on the day of sentencing and complete a written personal financial statement setting forth the defendant's assets and liabilities as of the date of the offense. The defendant further understands that by completing the financial statement, the defendant is representing that it is true and accurate to the best of the defendant's information, knowledge, and belief and agrees to make an honest, good faith effort to pay said fine as directed by the financial litigation section of the United States Attorney's Office.

### C. WAIVER OF APPEAL AND COLLATERAL ATTACK

To the maximum extent permitted by federal law, the defendant voluntarily and expressly waives the right to appeal the conviction and sentence and the right to collaterally attack the conviction and sentence in any post-conviction pleading or proceeding, including but not limited to a 28 U.S.C. 2255 action, on any ground, EXCEPT THAT: the defendant may file a direct appeal of his sentence if it exceeds the statutory maximum or if, by variance or departure, the sentencing court imposes a sentence higher than the advisory sentencing guideline range as found by the sentencing court, or may collaterally attack the sentence on grounds of ineffective assistance of counsel. The government's right to appeal is not limited, BUT IF the government appeals the sentence imposed, the defendant may also file a direct appeal of the sentence.

### 3. DEFENDANT'S FURTHER REPRESENTATIONS TO THE COURT:

A. The defendant represents to the Court that the defendant has had the services of an attorney the defendant believes to be competent; that the defendant has met with said attorney on a sufficient number of occasions and for a sufficient period of time to discuss the defendant's case and receive advice; that the defendant has been truthful with his attorney and related all

information of which the defendant is aware pertaining to the case; that the defendant and defendant's attorney have discussed possible defenses, if any, to the charges in the indictment, including the existence of any exculpatory or favorable evidence or witnesses, discussed the defendant's right to plead not guilty and compel a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the defendant's behalf and compel their attendance at trial by subpoenae, the right to confront and cross-examine the government's witnesses, the defendant's right to testify in the defendant's own behalf, or to remain silent and have no adverse inferences drawn from the defendant's silence; and that the defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

B. The defendant further represents to the Court that the plea agreement as set forth herein and the plea to be entered by the defendant is the result of prior discussions between the attorney for the government and the attorney for the defendant, conducted with the defendant's authorization, knowledge and consent; that this plea agreement contains the entire agreement and understanding between the government and the defendant; and that the defendant has no other agreements, understandings, or deals with any person other than those set out in this plea agreement, that is, the defendant advises the Court that the defendant's entire understanding of this Plea Agreement is completely set forth in writing in this document.

C. The defendant represents to the Court that the defendant has been advised of the nature of the charge to which the plea of guilty is to be offered, of the maximum possible penalty provided by law, as set forth above, and that by entering a plea of guilty the defendant

gives up all of the rights set out in paragraph "A" above, gives up any defenses to the charges, and understands that there will not be a further trial of any kind. The defendant further understands that in entering a plea of guilty, the Court will ask questions about the offense to which the plea is entered. The defendant understands that the defendant will be under oath and on the record in answering those questions, and that the defendant's answers may later be used against the defendant in a criminal prosecution for perjury or false statement if those answers are not truthful.

This 19th day of April, 2016.

EDWARD J. TARVER
UNITED STATES ATTORNEY

Frederick Kramer
Assistant United States Attorney
Georgia Bar No. 428971

I have read the foregoing Plea Agreement, consisting of 9 pages, and I understand what it says and means, and by my signature hereunder I swear or affirm under penalty of perjury that the matters and facts set forth therein are true, and accurately and correctly state the representations that have been made to me by my attorney and government agents and/or prosecutors, and accurately set forth the terms and conditions of the plea agreement that has been reached by my attorney on my behalf and with my permission.

Daniel Olen Nieves
Defendant

Julianne Grow Glisson
Attorney for the Defendant

4-11-16
Date

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | CR 415-208 |
| v. | ) | |
| | ) | |
| DANIEL OLEN NIEVES | ) | |

## ORDER

The aforesaid Plea Agreement, having been considered by the Court in conjunction with the interrogation by the Court of the defendant and the defendant's attorney at a hearing on the defendant's motion to change plea and the Court finding that the plea of guilty is made freely, voluntarily and knowingly, it is thereupon,

ORDERED that the plea of guilty by the defendant be and it is hereby accepted and the foregoing Plea Agreement be and it is hereby ratified and confirmed.

This 19 day of April, 2016.

HONORABLE LISA GODBEY WOOD
CHIEF JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA